Filed 10/8/24

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK MOSELEY,<br><br>    Defendant and Appellant. | G062697<br><br>(Super. Ct. No. 17NF0208)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed in part. Reversed in part. Remanded with directions.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A trial court "shall consider" a criminal defendant's service-related posttraumatic stress disorder (PTSD) as a factor in mitigation when deciding whether to grant probation and when deciding on the appropriate sentence. (Pen. Code, §§ 1170.9, subd. (b)(1), 1170.91, subd. (a).)[1]

Here, the People charged Frank Moseley with murder. Moseley testified at trial that he killed his fiancé after she told him she was pregnant with another man's child. Moseley further testified he was a combat veteran with PTSD. The jury found Moseley guilty of the lesser included offense of voluntary manslaughter (heat of passion).

Prior to sentencing, the probation department submitted a report without citing the relevant service-related statutes (§§ 1170.9 and 1170.91). The prosecution and the defense both filed sentencing briefs, but neither party's brief cited the relevant statutes. At the sentencing hearing, Moseley's counsel mentioned sections 1170.9 and 1170.91, but he inexplicably said they were not "directly applicable." When imposing a sentence, the trial court referred to Moseley's PTSD as a factor in mitigation, but the court did not refer to that factor when denying probation.

In sum, it does not appear that the trial court expressly considered sections 1170.9 and 1170.91 at sentencing. Therefore, given this ambiguity, we are reversing Moseley's sentence and remanding the matter for resentencing. In all other respects, the judgment is affirmed.

We are certifying this opinion for publication to emphasize that trial courts have mandatory statutory obligations when sentencing qualifying veteran defendants, or current members of the United States military. (See §§ 1170.9, 1170.91; see also Cal. Rules of Court, rule 8.1105(c)(6).)

---

[1] Further undesignated references are to the Penal Code.

I.

FACTS AND PROCEDURAL BACKGROUND

Moseley killed his fiancé in their apartment by stabbing her with a knife. Moseley fled the scene in a truck and eventually cut off a police vehicle. Moseley approached the police vehicle and attempted to get the officer to shoot him (suicide by cop). In an interview at the police station, Moseley told a detective that he had stabbed his fiancé after she told him that she might be pregnant with another man's baby.[2]

The People charged Moseley with murder and a weapon enhancement. During the trial, Moseley testified that he had been previously deployed to Iraq. Moseley was subjected to enemy attacks by improvised explosive devices and rocket fire. Moseley was later diagnosed with PTSD. A psychologist opined Moseley's PTSD was a contributing factor to the crime.

The jury found Moseley not guilty of murder, but guilty of voluntary manslaughter (heat of passion) as a lesser included offense. The jury found true the weapon allegation.

The trial court sentenced Moseley to the upper term of 11 years in state prison, and struck the additional punishment for the personal use of a weapon (the sentencing proceedings will be covered in greater detail in the discussion section of this opinion).

Moseley filed a notice of appeal. Moseley's appointed counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) After independently reviewing the record, this court requested further briefing as to sections 1170.9 and 1170.91.

_____

[2] Only Moseley's sentence is being challenged in this appeal, so we need not fully explain in detail the underlying facts.

## II.

## DISCUSSION

Moseley argues the trial court did not expressly consider his service related health condition (PTSD) when denying probation (§ 1170.9) and/or when imposing the upper term sentence (§ 1170.91).

We consider a trial court's sentencing decisions under an abuse of discretion standard of review. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) "When a court is unaware of its discretion, the remedy is to remand for resentencing unless the record clearly indicates that the trial court would have reached the same conclusion if it had been aware of its discretion." (*People v. Barber* (2020) 55 Cal.App.5th 787, 814.)

In the remainder of this discussion, we shall: A) state relevant principles of law; B) summarize what occurred at the sentencing proceedings in this case; and C) analyze the law as applied to the relevant facts.

### A. Relevant Legal Principles

Section 1170.9, subdivision (a), provides: "In the case of any person convicted of a criminal offense who . . . alleges that the person committed the offense as a result of sexual trauma, traumatic brain injury, [PTSD], substance abuse, or mental health problems stemming from service in the United States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, [PTSD], substance abuse, or mental health problems as a result of the person's service. The court may request, through existing resources, an assessment to aid in that determination."

4

Section 1170.9, subdivision (b)(1), further provides: "If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), and if the defendant is otherwise eligible for probation, the court shall consider the circumstances described in subdivision (a) as a factor in favor of granting probation."

Section 1170.91, subdivision (a) provides: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, [PTSD], substance abuse, or mental health problems as a result of the defendant's military service, the court shall consider the circumstance as a factor in mitigation when imposing a sentence."

Sections 1170.9 and 1170.91 "speak in terms that are mandatory rather than permissive." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 836 (*Panozo*).) "By their plain language, sections 1170.9 and 1170.91 unambiguously *obligate* a sentencing court to consider a defendant's service-related PTSD, substance abuse, or other qualifying conditions in making discretionary sentencing choices." (*Ibid*.)

"Sections 1170.9 and 1170.91 *obligate* a court to consider a defendant's service-related mental health issues, including PTSD, as a mitigating factor in evaluating whether to grant probation and in selecting the appropriate determinate term." (*Panozo, supra,* 59 Cal.App.5th at p. 828.)

A remand is required when the record is ambiguous as to whether a trial court was aware of its mandatory obligations under sections 1170.9 and 1170.91. (*Panozo, supra*, 59 Cal.App.5th at pp. 837–841; see also *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853 [remand required where record is ambiguous concerning court's compliance with statutory obligation to consider youth-related mitigating factors at sentencing].)

*B. Sentencing Proceedings*

Prior to the sentencing hearing, the People filed a sentencing brief. The People noted Moseley was presumptively ineligible for probation, but acknowledged probation could be granted if the court found a grant of probation would be in the interests of justice.[3] The People urged the court to impose the upper term (11 years), arguing the aggravating sentencing factors outweighed the mitigating factors.

The People's sentencing brief did not mention Moseley's service-related PTSD as a factor in mitigation, nor did it cite sections 1170.9 or 1170.91 anywhere in the brief.

Moseley also filed a sentencing brief. Moseley went through the criteria affecting the grant of probation. (See Cal. Rules of Court, rule 4.414 ["Criteria affecting the decision to grant or deny probation"].) Moseley's brief also went through the criteria affecting the appropriate prison sentence. (See Cal. Rules of Court, rules 4.421 [Circumstances in aggravation], 4.423 [Circumstances in mitigation].)

Moseley's sentencing brief did not mention his service-related PTSD as a factor in mitigation, nor did it cite sections 1170.9 or 1170.91 anywhere in the brief.

The probation department filed a sentencing report, noting Moseley was a veteran with PTSD. The report stated Moseley's criminal

---

[3] There appears to be no dispute that the trial court could have granted Moseley probation if the court made a finding that it would be in the interests of justice: "Except in unusual cases in which *the interests of justice* would best be served if the person is granted probation, probation shall not be granted to . . . : [¶] Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which that person has been convicted." (§ 1203, subd. (e)(2), italics added.)
.

6

record, which was only three traffic cases and one case involving narcotics (Moseley had successfully completed formal probation with no violations). The department listed the circumstances in aggravation and mitigation as to the selection of the appropriate prison term, but did not list any criteria as to the granting of probation. The report stated Moseley "is only eligible for a grant of probation if the Court finds this is an unusual case and the interests of justice would best be served by granting probation. A review of the unusual circumstances does not reveal any such circumstances."

The probation department's sentencing report did not mention Moseley's service-related PTSD as a factor in mitigation, nor did it cite sections 1170.9 or 1170.91 anywhere in the report.[4]

At the sentencing hearing, the prosecution submitted on its brief. Moseley's counsel said, "Your Honor, the defense will also submit on it's brief, but I would like to augment it citing to Penal Code sections 1170.9 and 1170.91. [¶] *While I don't think that those code sections are directly applicable*, I do think that they provide some guidance with regard to additional factors in mitigation." (Italics added.)

After hearing testimony from Moseley and further arguments, and considering several victim impact statements, the trial court said: "Okay. Well, this is an interesting case. We heard lots of evidence about the violence, and this was one of the most violent murders I've ever seen. [¶] And then we heard a whole lot about [PTSD], particularly when you were a veteran and what the defendant has gone through."

---

[4] The probation department prepares sentencing reports at the direction of the court. (§ 1203.10, subd. (a).)

7

The trial court went through the aggravating and mitigating factors related to the imposition of sentence. As to mitigating factors, the court said, "Defendant was suffering from a mental condition that significantly reduced culpability for the crime. And in this case that would be PTSD. There was significant evidence that was presented on that topic." However, the court found that the aggravating factors outweighed the mitigating factors and imposed the upper term sentence (11 years). "As for probation, the court is aware the court has the right and ability to choose probation. The court finds this is not an appropriate case for probation."

The trial court did not mention sections 1170.9 or 1170.91 at any point during the sentencing hearing.

*C. Application and Analysis*

In *Panozo*, a jury convicted defendant Panozo of domestic violence crimes. (*Panozo*, *supra*, 59 Cal.App.5th at p. 828.) Prior to sentencing, Panozo filed a brief which included a letter from a psychiatrist indicating a diagnosis of service-related PTSD. (*Id*. at p. 829.) The People also filed a sentencing brief, indicating "Panozo was presumptively ineligible for probation." (*Id*. at p. 830.) The probation department separately filed a report recommending this was not an unusual case warranting probation. (*Ibid*.) The written documents "nor the argument referenced sections 1170.9 or 1170.91." (*Id*. at p. 838.) The trial court sentenced Panozo to the midterm. (*Id*. at p. 831.) On appeal, Panozo maintained "the trial court was unaware of its statutory obligation to consider his service-related" PTSD and remand was required to address the error. (*Id*. at p. 828.) The Court of Appeal agreed. The court reversed the sentence, and remanded the matter for resentencing. (*Ibid*.)

"A careful review of the sentencing record demonstrates that despite ample references to Panozo's service-related PTSD, there is no indication the court understood its *obligation* to consider that fact as a circumstance in mitigation when making discretionary sentencing choices." (*Panozo, supra*, 59 Cal.App.5th at p. 837.) "Apart from the written submissions and arguments, the trial court's oral pronouncements reveal no awareness of its obligations under sections 1170.9 and 1170.91." (*Id.* at p. 838.) "In short, our record *necessitates remand* because it is, at the very least, ambiguous as to whether the trial court was aware of its statutory obligations under sections 1170.9 and 1170.91." (*Id.* at p. 840, italics added.)

The instant case is strikingly similar to the facts presented in *Panozo, supra*, 59 Cal.App.5th 825. Our review of the record does <u>not</u> indicate that the trial court understood its statutory *obligations* to affirmatively consider Moseley's service-related PTSD when imposing its choice of sentence and/or denying probation. Sections 1170.9 and 1170.91 were not cited by either party in their sentencing briefs. Neither were sections 1170.9 and 1170.91 cited by the probation department in its sentencing report submitted to the court. Indeed, Moseley's counsel inexplicably argued: "I don't think that those code sections are directly applicable."

The trial court mentioned Moseley's service-related PTSD as a factor in mitigation (a mental condition) when making its decision between the lower, middle, or upper term sentence. (See Cal. Rules of Court, rule 4.423(b)(2) ["The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime"].) However, there was no explicit mention of section 1170.91. Further, the court also did not explicitly mention section 1170.9 at any point during the sentencing hearing. And perhaps most importantly, the court did not mention—nor did it apparently

9

consider—Moseley's service-related PTSD as a factor *in favor* of granting probation when the court ultimately made its decision *to deny* probation. (See § 1170.9, subd. (b)(1) ["if the defendant is otherwise eligible for probation, the court *shall* consider the circumstances described in subdivision (a) *as a factor in favor* of granting probation"], italics added.)

In sum, the record on appeal in this case similarly "*necessitates remand* because it is, at the very least, *ambiguous* as to whether the trial court was aware of its statutory obligations under sections 1170.9 and 1170.91." (*Panozo*, *supra*, 59 Cal.App.5th at p. 840, italics added.)

The Attorney General argues, "the record here affirmatively demonstrates that the trial court was aware of its statutory obligations under section 1170.9 and 1170.91 and did, in fact, consider appellant's service-related PTSD as a mitigating factor both in its decision as to whether to grant probation and at sentencing." We disagree.

The Attorney General's argument is belied by the record. The trial court did not mention sections 1170.9 and/or 1170.91 at any point during the sentencing hearing. And while the court did mention Moseley's PTSD before choosing the upper term sentence, that cannot be said of the court's decision to deny probation.

As in *Panozo*, we find it is appropriate to remand the matter to the trial court so it can exercise its informed discretion under sections 1170.9 and 1170.91. (See *Panozo*, *supra*, 59 Cal.App.5th 837–841 [a remand is required when the record is ambiguous as to whether a court was aware of its mandatory "obligations under sections 1170.9 and 1170.91"]; see also § 1260 [an appellate court may "remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)

## III.

## DISPOSITION

The sentence is reversed. The trial court is directed to resentence Moseley consistent with its statutory obligations. (See §§ 1170.9, 1170.91.) In all other respects, the judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

SANCHEZ, J.

11